IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, | ) CIV. NO.  13-00174 HG-RLP |
|  | ) |
| Plaintiff, | ) ORDER DISMISSING ACTION |
|  | ) PURSUANT TO 28 U.S.C. |
| vs. | ) § 1915(g) |
|  | ) |
| RANGER J. JUDD, RANGER NEAL AKANA, | ) |
|  | ) |
| Defendant. | ) |

## ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint and in forma pauperis application.  ECF Nos. 1 and 2.  Plaintiff is incarcerated at the Halawa Correctional Facility.

Plaintiff alleges that National Park Service Rangers J. Judd and Neal Akana violated his constitutional rights during his arrest in 1999 in Hawai`i Volcanoes National Park.  *See United States v. Tierney*, Cr. No. 99-00527 HG.  For the following reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915(g).

### I.   28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

At least three of Plaintiff's cases qualify as "strikes" under § 1915(g):

> (1) *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (finding that Tierney had three strikes under § 1915(g));
>
> (2) *Tierney v. Clinton*, 1996 WL 310171(D.C. Cir. May 28, 1996), aff'g *Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); and
>
> (3) *Tierney v. United States*, Civ. No. 11-00082 HG (D. Haw. Feb. 7, 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes).[1]

---

[1] The Ninth Circuit Court of Appeals and this court have explicitly notified Plaintiff of his strikes numerous times.

2

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited April 11, 2013). Plaintiff may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. NO IMMINENT DANGER

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Nothing here suggests that Plaintiff was in imminent danger of serious physical injury due to any action or inaction of the Defendants when he filed this action, despite his statement that he "lives in fear" of Defendants Judd and Akana.

## III. CONCLUSION

Plaintiff's *in forma pauperis* application is DENIED and

---

*See, e.g.*, *Kupers*, 128 F.3d at 1311; *Tierney v. United States*, Civ. No. 10-00675-HG (D. Haw. Dec. 1, 2010).

his Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action.  Any pending motions are terminated.  The Clerk of Court shall close the case.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, April 17, 2013.



                                              /S/ Helen Gillmor
                                  _____
                                  Helen Gillmor
                                  United States District Judge

*Tierney v. Judd,* Civ. No. 13-00174 HG-RLP; G:\docs\kelly\Orders\Denise\13cv174.Tierney v. Judd..Dismissing Action.wpd